HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GARY W. ALEXANDER, an individual,

Plaintiff,

v.

WELLS FARGO, BANK, N.A., et al.

Defendants.

CASE NO. C15-459RAJ

ORDER

## I.   INTRODUCTION

This matter comes before the Court on Defendant Northwest Trustee Services Inc.'s ("NWTS") Fed. R. Civ. P. 12(b)(6) Motion to Dismiss (Dkt. # 6) and Defendants U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust ("USB Trust") Wells Fargo Bank, N.A. ("Wells Fargo"), and U.S. Bank, N.A.'s ("US Bank") (collectively, "Defendants") Motion to Dismiss (Dkt. # 7).  As set forth below, the Court **GRANTS** Defendants' motions and **DISMISSES** this Action **with leave to amend**.

## II.   BACKGROUND

In September 2005 or 2006, Plaintiff purchased a property located at 29 North Tweedt Place, Units A-D, Kennewick, WA 99336 (the "Property").  *See* Compl. ¶ 11-12, 17; Dkt. # 6-1, Ex. 1 at p.2.[1]  Plaintiff financed his purchase through a loan from

---

[1] NWTS has attached eight exhibits to its motion to dismiss. *See* Dkt. # 6.  Although a court ordinarily may not consider evidence outside the complaint on a Rule 12(b)(6) motion to dismiss (*see Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001)), it may consider documents "referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*,

ORDER – 1

1  Washington Mutual Bank ("WaMu").  Compl. ¶ 12; Dkt. # 6-1, Ex. 1.  Plaintiff and non-
2  party Diane M. Alexander executed a promissory note in the amount of $176,250.00
3  payable to WaMu.  Compl. ¶ 17; Dkt. # 6-1, Ex. 1 at pp. 1 & 6.  Pursuant to the terms of
4  the note, Plaintiff and Diane Alexander would be in default if they failed to pay the full
5  amount of each monthly payment.  *See* Dkt. # 6-1, Ex. 1 at p. 4.

6      Plaintiff and Diane Alexander also executed a deed of trust securing the note,
7  which listed WaMu as the beneficiary.  Dkt. # 6-2, Ex. 2 at pp. 5, 21; *see also* Compl. ¶¶
8  22, 26.  Pursuant to the terms of the deed of trust, the note and the deed of trust could be
9  sold "without prior notice to Borrower."  Dkt. # 6-2, Ex. 2 at p. 17.  The deed of trust also
10 provided that the lender could "appoint a successor trustee" who would "succeed to all
11 the title, power and duties conferred upon" the original trustee.  *Id.* at p. 20.

12     In October or November 2010, an appointment of successor trustee was recorded
13 with the Benton County Auditor naming NWTS as the successor trustee.  *See* Dkt. # 6-3,
14 Ex. 3 at p. 2.  Another appointment of successor trustee naming NWTS as successor
15 trustee was recorded in August 2014.  *See id.* at pp. 3-4.

16     On June 17, 2013, a corporate assignment of deed of trust was recorded with the
17 Benton County Auditor which memorialized a transfer from the Federal Deposit
18 Insurance Corporation, as receiver of WaMu, to JPMorgan Chase Bank, N.A. ("Chase").

---

476 F.3d 756, 763 (9th Cir. 2007).  Consequently, in similar cases, courts have considered evidence substantially identical to the evidence NWTS has attached to its motion.  *See e.g., Haag v. PNC Bank NA*, No. C13–1746JLR, 2014 WL 1725801, at *1 n.1 (W.D. Wash. Apr. 30, 2014) (taking judicial notice of deed of trust and other documents); *Petheram v. Wells Fargo Bank*, No. C13–1016JLR, 2013 WL 4761049, at *1 n.1 (W.D. Wash. Sept. 3, 2013) (taking judicial notice of deed of trust, assignments of the deed of trust, and notices of trustee sales even though they were not attached to the complaint).  Moreover, the majority of the submitted documents (*see* Dkt. # 6 Exs. 2, 3, 4, 5, 8) are public records properly subject to judicial notice (*see United States v. 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008)).

Plaintiff appears to argue that these exhibits are inadmissible under the Best Evidence Rule.  *See* Dkt. # 9 at p. 14 (citing Fed. R. Evid. 1002 & 1003).  However, that rule does not operate to exclude these documents here.  Under Fed. R. Evid. 1003, a duplicate is admissible to the same extent as the original, and a duplicate is simply "a counterpart produced by a mechanical, photographic, chemical, electronic, or other equivalent process or technique that accurately reproduces the original."  *See* Fed. R. Evid. 1001.  This is clearly the case here.

ORDER – 2

*See* Dkt. # 6-4, Ex. 4 at p. 2; *see also* Compl. ¶¶ 13, 15.  On June 3, 2014, a Washington assignment of deed of trust was recorded with the Benton County Auditor memorializing an assignment of the deed of trust from Chase to USB Trust.  *See* Dkt. # 6-5 at p. 2; *see also* Compl. ¶ 15.  Plaintiff claims at some point, USB Trust or US Bank began claiming ownership of the note on the property.  *See id.* ¶¶ 15, 21.  Plaintiff alleges that he has never received any notice of a transfer or assignment of the loan to USB Trust.  *Id.* ¶ 15.

In October 2014, NWTS issued a notice of default to Plaintiff based on delinquent monthly payments since June 2010.  *See* Dkt. # 6-7, Ex. 7; *see also* Dkt. # 6-8, Ex. 8 at pp. 4-7.  The notice of default lists USB Trust as the note owner and loan servicer.  *Id.* at p. 6.  And on November 24, 2014, a notice of trustee's sale was recorded with the Benton County Auditor, setting a sale date of March 27, 2015.  *See* Dkt. # 6-8, Ex. 8 at p. 3.  Plaintiff claims that USB Trust and NWTS are attempting to foreclose on the Property "by presenting a counterfeit promissory note and counterfeit deed of trust." *Id.* ¶ 25.

### III.   LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim.  The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations.  *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).  A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007).  If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the complaint" that would entitle the plaintiff to relief.  *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the

ORDER – 3

document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Where a plaintiff proceeds *pro se*, the court must construe his "complaints liberally even when evaluating it under the *Iqbal* standard." *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). "Furthermore, '[l]eave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs.'" *Id.* (quoting *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004)).

## IV.  ANALYSIS

Plaintiff brings six causes of action in his complaint. Specifically, Plaintiff brings claims for (1) "Violations Under Title 12 § 226.39 (regulation Z) part (a) ('Wrongful Foreclosure')" against USB Trust only (Compl. ¶¶ 32-35); (2) to Quiet Title against USB Trust only (Compl. ¶ 36); (3) Violations of the Fair Debt Collection Practices Act against USB Trust and NTWS (Compl. ¶¶ 37-41); (4) Civil RICO claims against USB Trust and NTWS (Compl. ¶¶ 42-46); (5) Civil Conspiracy claims against USB Trust and NTWS; and (6) for Declaratory Relief (Compl. ¶¶ 49a-48b[2]).

### a.  Plaintiff's Failure to Assert Claims Against Wells Fargo and US Bank

Plaintiff names both Wells Fargo and US Bank as defendants but does not bring any claims against them. *See* Compl. ¶¶ 32-48b. Aside from alleging that Wells Fargo does business in Benton County, Washington, Plaintiff does not allege any facts involving Wells Fargo. Similarly, Plaintiff's only two allegations involving US Bank are that it does business in Benton County and "is claiming ownership of the purported mortgage," though the substance of the Complaint suggests that Plaintiff actually means

---

[2] Plaintiff's complaint restarts its numbering scheme at paragraph 46 following paragraph 54 on page 16. For clarity's sake, the Court will refer to the first set of those paragraph numbers as "a" and the second set as "b".

ORDER – 4

USB Trust. *Id.* ¶¶ 2, 21. Given Plaintiff's failure to plead any factual content against either Defendant – and his failure to discuss either party in his Oppositions – the Court finds that Plaintiff has not alleged any facts suggesting that he is entitled to relief against these defendants. Accordingly, the Court **DISMISSES** both Wells Fargo and US Bank.

> b. Violations of the Truth in Lending Act ("TILA")

Plaintiff's first claim alleges that USB Trust violated Regulation Z of the TILA by attempting to foreclose on the Property without having the rights of a holder in due course. *See* Compl. ¶ 33. Plaintiff alleges that he believes that USB Trust cannot foreclose on the property because it is not the holder of the note and has presented counterfeit documents. *See* Compl. ¶¶ 24-25, 33-34.

TILA's Regulation Z, 12 C.F.R. § 226.39, does not apply to this matter. Under that section, a "covered person" must mail or deliver certain required disclosures to consumers within 30 days of the transfer of a "mortgage loan." 12 C.F.R. § 226.39(b). A "mortgage loan" is defined as "any consumer credit transaction that is secured by the *principal dwelling* of a consumer." *Id.* § 226.39(a); *cf. Zirogiannis v. Dreambuilder Invs. LLC*, 782 F. Supp. 2d 14, 17 (E.D.N.Y. 2011).

Here, Plaintiff alleges that he, "at all times mentioned herein," has resided in Redmond, Washington. *See* Compl. ¶¶ 1, 10. The Property, however, is located in Kennewick, Washington. *See id.* ¶ 11, 17. By Plaintiff's own admission, it is not plausible that Plaintiff primarily resided in the Property – rendering TILA inapplicable.

Moreover, Regulation Z pertains solely to disclosures of mortgage transfers – and a party alleging a violation must allege damages – actual or statutory – arising from the TILA violation. *See Young v. Nw. Trustee Servs. Inc.*, No. C14–1807 MJP, 2015 WL 1062047, at *2 (W.D. Wash. Mar. 11, 2015) (citing *In re Smith*, 289 F.3d 1155, 1157 (9th Cir. 2002); *Fazio v. Experian Info. Solutions, Inc.*, No. 12–00497, 2012 WL 2119253, at *6 (N.D. Cal. June 11, 2012)). Plaintiff has not alleged any such damages or otherwise explained how USB Trust's alleged failure to notify him has caused him damages.

ORDER – 5

1  Instead, Plaintiff seeks injunctive relief for the violation – a remedy which is not
2  provided for by TILA.  *See* Compl. ¶ 35.

3  Finally, Plaintiff cites various Michigan cases in his Opposition.  *See* Dkt. # 9 at
4  pp. 4-7.  Plaintiff also seeks leave to amend his Complaint to "introduce new information
5  that he has obtained regarding the Defendant US Bank Trust Servicing and Pooling
6  Agreement."  Dkt. # 9 at p. 10.  Plaintiff does not explain what this information is.
7  Plaintiff appears to argue that he may challenge USB Trust's standing on the basis that
8  the assignment of the deed of trust violated a "Pooling and Service Agreement" or
9  "PSA".  *Id.* at p. 4.  Beyond the fact that none of Plaintiff's cited authority is binding on
10 this Court, Plaintiff does not identify any facts in his Complaint showing the existence of
11 a relevant PSA or how USB Trust's possession of the note violates the PSA.  Further, the
12 majority of Ninth Circuit courts have held that "plaintiffs lack standing to challenge
13 noncompliance with a PSA in securitization unless they are parties to the PSA or third
14 party beneficiaries of the PSA."  *Rockridge Trust v. Wells Fargo, N.A.*, 985 F. Supp. 2d
15 1110, 1155 (N.D. Cal. 2013).

16 Accordingly, the Court **DISMISSES** Plaintiff's first cause of action.  Because
17 further amendment of this claim would be futile, the Court dismisses this claim **without**
18 **leave to amend**.  *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009).

19     c.  Quiet Title
20 Although "Plaintiff seeks to quiet title against the claims of Defendants and all
21 persons claiming any legal right" in the Property, he only brings this claim against USB
22 Trust.  *See* Compl. ¶ 36.

23 In any event, Plaintiff's claim fails because he has not alleged facts showing that
24 he has satisfied his obligations under the deed of trust.  *See Evans v. BAC Home Loans*
25 *Servicing LP*, No. C10-0656 RSM, 2010 WL 5138394, at *4 (W.D. Wash. Dec. 10,
26 2010).  Plaintiff acknowledges that he executed the promissory note and deed of trust
27 (*see* Compl. ¶¶ 12, 14, 24-25) and even that he defaulted on his obligations (*see* Compl. ¶
28 ORDER – 6

14 ("WaMu issued millions of predatory loans between 2001 and 2008 with the knowledge that borrowers, including Plaintiff, would default")). Consequently, "it would be unreasonable to allow a borrower to bring an action to quiet title against its lender without alleging satisfaction of those loan obligations." *Evans*, 2010 WL 5138394, at *4.

Plaintiff does not allege that any Defendant is currently claiming a current right to ownership. A quiet title action may only be brought "against the person claiming the title or some interest therein." Wash. Rev. Code § 7.28.010. "[T]he plaintiff in an action to quiet title must prevail, if he prevails at all, on the strength of his own title, and not on the weakness of the title of his adversary." *City of Centralia v. Miller*, 197 P.2d 244, 247 (Wash. 1948). "A deed of trust creates a lien on real property, but it does not convey title to the lender." *Young*, 2015 WL 1062047, at *2 (citing Wash. Rev. Code § 61.24.020; *Rustad Heating & Plumbing Co. v. Waldt*, 588 P.2d 1153, 1155 (Wash. 1979)).

Although Plaintiff alleges that either USB Trust or NWTS has improperly asserted rights to promissory note or deed of trust (*see* Compl. ¶¶ 15, 21-22, 24-26), he does not allege that they – or any other Defendant – claim a current right to the Property. Instead, Plaintiff's allegations at best explain that USB Trust and NWTS merely appear to be attempting to foreclose on the Property by enforcing their lien.

Accordingly, the Court **DISMISSES** Plaintiff's second claim. Because further amendment of this claim would be futile, the Court dismisses this claim **without leave to amend**. *See Gardner*, 563 F.3d at 990.

    d. <u>Violation of the Fair Debt Collection Practices Act ("FDCPA")</u>

Plaintiff brings claims against NWTS and USB Trust under the FDCPA, alleging that NWTS and USB Trust have violated the FDCPA by attempting to foreclose on behalf of USB Trust while knowing that USB Trust has no right to collect payments on his obligation or foreclose on the deed of trust. *See* Compl. ¶¶ 38-39. Plaintiff also alleges that NWTS has violated the FDCPA by failing to provide him a debt collection notice. *Id.* ¶ 40. Plaintiff appears to bring his claim under 15 U.S.C. § 1692e.

ORDER – 7

As a threshold matter, in order to state a claim under the FDCPA, Plaintiff must allege facts showing that a defendant is a "debt collector" collecting a "debt." *See Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008); 15 U.S.C. § 1692a(6); *see also Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208 (9th Cir. 2013). "The FDCPA defines 'debt collector' as 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" *Echlin v. Dynamic Collectors, Inc.*, No. C14-5718 BHS, 2015 WL 1954540, at *4 (W.D. Wash. Apr. 29, 2015) (quoting 15 U.S.C. § 1692a(6)).

Plaintiff argues in his Opposition that the Sixth Circuit has held that mortgage foreclosures may constitute debt collection under the FDCPA. *See* Dkt. # 9 at pp. 10-12. Plaintiff's argument does have some support. *See Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 179 (3d Cir. 2015); *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 464 (6th Cir. 2013); *Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 376 (4th Cir. 2006). Still, these authorities are not binding on this Court, and "the overwhelming majority of courts within the Ninth Circuit have concluded that nonjudicial foreclosures do not constitute debt collection under the FDCPA." *Pratap v. Wells Fargo Bank, N.A.*, 63 F. Supp. 3d 1101, 1114 (N.D. Cal. 2014). In any event, the Court need not reach this question because it finds that Plaintiff has not alleged sufficient facts to show that any of the Defendants constitute "debt collectors" under the FDCPA.

Plaintiff has not alleged facts showing that either USB Trust or NWTS are debt collectors under the FDCPA. Even construing Plaintiff's allegations liberally, at best, Plaintiff alleges that these two defendants have attempted to collect *this* particular debt, not that their principal business is to collect debts or that they regularly do so on behalf of others. Accordingly, defendants do not constitute "debt collectors" and the Court **DISMISSES** Plaintiff's FDCPA claim. However, the Court finds that Plaintiff could

ORDER – 8

potentially amend his Complaint to allege further facts showing how the Defendants constitute "debt collectors" under the FDCPA. As such, Plaintiff's FDCPA claim is **DISMISSED with 20 days leave to amend**.

    e. <u>Civil RICO</u>

Plaintiff also brings a claim for a RICO violation by USB Trust and NWTS. *See* Compl. ¶¶ 42-46. Plaintiff alleges that "Defendants unlawfully employed the U.S. Mail, State Courts, [and] County Recorder's Office to unjustly enrich themselves by divesting Plaintiff of his real property." *Id.* ¶ 43. Specifically, USB Trust is alleged to have transmitted or mailed "fake assignments and mortgage and fictional corporate signatures" apparently to "manufacture[] default and the used [sic] of the State Court and County Recorder's office to foreclose on Plaintiff's property." *Id.* ¶¶ 44-45.

In order "[t]o state a civil RICO claim, [Plaintiff] must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiffs' 'business or property.'" *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001) (quoting 18 U.S.C. § 1964(c)). Rule 9(b) "applies to civil RICO fraud claims." *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-66 (9th Cir. 2004) (citing *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1989)). Thus, Plaintiff's "complaint would need to 'state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.'" *Id.* Plaintiff does not allege any facts coming close to satisfying the heightened Rule 9(b) standard. As such, the Court **DISMISSES** Plaintiff's RICO claim. *See Young*, 2015 WL 1062047, at *4.

But even beyond this, Plaintiff does not allege any facts establishing any of the required elements for a civil RICO claim. For example, Plaintiff does not allege any facts showing the existence of an ongoing organization. *See Madlaing v. JPMorgan Chase Bank, N.A.*, No. CV F 12-2069 LJO SMS, 2013 WL 2403379, at *21 (E.D. Cal. May 31, 2013). Nor does Plaintiff allege any racketeering activities distinct from the alleged enterprise. *See Odom v. Microsoft Corp.*, 486 F.3d 541, 552 (9th Cir. 2007).

ORDER – 9

1  Because further amendment of this claim would be futile, the Court dismisses this
2  claim **without leave to amend**.  *See Gardner*, 563 F.3d at 990.

  f. Civil Conspiracy

  Plaintiff's civil conspiracy claim alleges that Defendants have "conspired to divest him of his real property" ostensibly through "a willful and intentional misuse of the foreclosure process" and through an "attempt by Defendants to defraud them through the use of sham documents and fabricated evidence."  Compl. ¶ 48a.

  "Under Washington law, a plaintiff proves a civil conspiracy by showing 'by clear, cogent and convincing evidence that (1) two or more people contributed to accomplish an unlawful purpose, or combined to accomplish a lawful purpose by unlawful means; and (2) the conspirators entered into an agreement to accomplish the object of the conspiracy.'"  *Gossen v. JPMorgan Chase Bank*, 819 F. Supp. 2d 1162, 1171 (W.D. Wash. 2011) (quoting *Wilson v. State of Wash.*, 929 P.2d 448, 459 (Wash. Ct. App. 1996)).  Moreover, "civil conspiracy does not exist independently—its viability hinges on the existence of a cognizable and separate underlying claim."  *Id.* (citing *Nw. Laborers-Employers Health & Sec. Trust Fund v. Philip Morris, Inc.*, 58 F. Supp. 2d 1211, 1216 (W.D. Wash. 1999)).

  But Plaintiff does not allege any facts showing that Defendants committed any of the elements for civil conspiracy.  For example, Plaintiff does not allege any facts showing that Defendants ever reached an agreement.  Beyond the conclusory allegation that "Defendants conspired" (Compl. ¶ 48a), Plaintiff does not allege any facts showing that the relevant Defendants entered into an agreement, much less *any* facts about Wells Fargo or US Bank.  Moreover, Plaintiff's conspiracy claims do not sufficiently provide "the particulars of when, where, or how the alleged conspiracy occurred" to satisfy Rule 9(b)'s heightened pleading requirements.  *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

ORDER – 10

Accordingly, the Court **DISMISSES** Plaintiff's conspiracy claim.  Because further amendment of this claim would be futile, the Court dismisses this claim **without leave to amend**.  *See Gardner*, 563 F.3d at 990.

    g.  Declaratory Judgment

Plaintiff's final cause of action is for declaratory relief.  But "[t]he Declaratory Judgment Act creates only a remedy, not a cause of action."  *Bisson v. Bank of Am., N.A.*, 919 F. Supp. 2d 1130, 1139 (W.D. Wash. 2013).  Because the Court **DISMISSES** all of Plaintiff's other claims, his claim for declaratory relief must be dismissed as well.  *Id.*

    h.  Other Arguments

In opposition, Plaintiff also requests leave to amend to include a cause of action for violation of Uniform Commercial Code ("UCC") § 3-309.  *See* Dkt. # 9 at pp. 7-9.  It is not entirely clear what bearing the UCC has on this case.  The "UCC is inapplicable to transactions involving real property" (*Elene-Arp v. Fed. Home Fin. Agency*, No. C12-2154 RAJ, 2013 WL 1898218, at *3 (W.D. Wash. May 7, 2013)) and without question this case entirely focuses on Plaintiff's financing of a purchase of real property.

### V.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motions to dismiss. Accordingly, Plaintiff's:

- First claim for "Violations Under Title 12 § 226.39 (regulation Z) part (a) ('Wrongful Foreclosure')" is **DISMISSED without leave to amend**;
- Second claim to Quiet Title is **DISMISSED without leave to amend**;
- Third claim for Violations of the Fair Debt Collection Practices Act is **DISMISSED with 20 days leave to amend**;
- Fourth claim for Civil RICO is **DISMISSED without leave to amend**;
- Fifth claim for Civil Conspiracy claims is **DISMISSED without leave to amend**; and

ORDER – 11

- Sixth claim for Declaratory Relief is **DISMISSED with 20 days leave to amend**.

Accordingly, Plaintiff is granted leave to file an amended complaint containing *only* his third claim for violations of the FDCPA and his sixth claim for declaratory relief **within 20 days of the date of this Order.**

DATED this 31st day of August, 2015.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 12